Jesse **CAMMACK** et al., Appellants,

v.

J. R. **HAYES** et al., Appellees.

Court of Appeals of Kentucky.

June 4, 1971.

As Modified on Denial of Rehearing
Oct. 1, 1971.

Richard E. Moorman, Leitchfield, for appellants.

Paul M. Lewis, Elizabethtown, for appellees.

CULLEN, Commissioner.

Alleging defaults in payment, J. R. Hayes and wife brought suit against Jesse Cammack and wife to enforce a note and mortgage which the Cammacks had given the Hayeses as part of the purchase consideration for a farm which the Cammacks had purchased from the Hayeses. The Cammacks admitted the allegations of the complaint as to the amount unpaid on the note and mortgage, but they counterclaimed asking that the sale be rescinded or in the alternative that the purchase price be reduced, alleging that the Hayeses had fraudulently overrepresented the number of acres in the farm. There being no issue as to the amount unpaid, only the issue raised by the counterclaim was submitted for trial. At the close of the Cammacks' evidence (they of course had the burden of proof) the trial judge directed a verdict against the Cammacks. Judgment was entered for enforcement of the note and mortgage as prayed for by the Hayeses. The Cammacks appeal.

While the Cammacks' initial prayer for relief was for a rescission of the sale they directed their proof toward obtaining the alternative relief of a pro rata reduction of the purchase price.

The sale price of the farm was $24,500. The Cammacks' proof was that the farm was represented to contain 95 acres whereas, as the Cammacks discovered after they had lived on the farm for two years, it actually contained only 67 acres. The proof can be accepted as sufficient to establish the claimed misrepresentation. There was a failure of proof, however, as to *damages*.

The only evidence offered by the Cammacks concerning damages consisted of Mr. Cammack's testimony that the farm with its actual acreage would have been worth only $16,000 *to him*—that *he would have* paid only $16,000 for it had he known it contained only 67 acres. He did not purport to know *market value*; in fact, he disclaimed any knowledge of market value. Obviously this evidence was not sufficient to support an award of damages based on difference in market value, if that is the measure of damages. The Cammacks maintain, however, that under Harrison v. Talbot, 32 Ky. 258, and Salyer v. Blessing, 151 Ky. 459, 152 S.W. 275, the measure of recovery is "the value of the deficit in the boundary, estimating the deficit at the price paid per acre for the boundary contracted for."

It appears that in the Harrison and Salyer cases the land was unimproved acreage. In the instant case the farm had valuable improvements, consisting of a new,

modern ranch-type home and a barn. In order to determine the "value of the deficit in the boundary" the percentage of the purchase price properly attributable to the improvements would have to be determined and then deducted from the purchase price. It is doubtful whether such a determination could be made so as to enable application of the rule of the Harrison and Salyer cases, but in any event neither party offered any evidence of the value of the improvements, so there was no basis on which the jury could have determined what allowance to make for the deficit in acreage.

It is our opinion that the trial court correctly directed a verdict on the ground that the Cammacks had failed in proof of damages.

The judgment is affirmed.

All concur except REED, J., who did not sit, and STEINFELD, J., who concurs in the result only.